UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE LUIS MADRIZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C5-5451FDBB

ORDER DENYING PLAINTIFF'S MOTION UNDER 28 U.S.C. § 2255

    Before the Court is the motion of Petitioner Jose Luis Madriz under 28 U.S.C. § 2255 to vacate his conviction and sentence. Petitioner claims that the court imposed an illegal sentence based on the principles stated in the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). However, because *Booker* does not apply retroactively to cases on collateral review, the Court finds that Petitioner's motion must be denied.

I.

*Factual and Procedural Background*

    On March 7, 1997, Petitioner entered a plea of guilty to count 1 of the Third Superseding Indictment charging him with conspiracy to distribute heroin. In the Plea Agreement, Petitioner acknowledged that he was responsible for six (6) pounds of heroin. The Plea Agreement allowed the parties to argue the actual amount of drugs in excess of the stipulated amount for which Petitioner should be held responsible. The parties' Plea Agreement also left open the issue of Petitioner's role under United States Sentencing Guideline Section 3B1.1. Petitioner's counsel filed written objections to information contained in the Presentence Report prepared by United States Probation

ORDER - 1

prior to sentencing.

On July 25, 1997, after hearing argument of counsel, the Court found that the base offense level was 34 and that Petitioner should receive a two (2) level increase for his role in the offense under U.S.S.G. Section 3B1.1. The Court did not impose a two (2) level increase for Petitioner's possession of a firearm under U.S.S.G. Section 2D1.1(b)(1) and allowed three (3) levels off for Petitioner's acceptance of responsibility. This resulted in a total offense level of 33, criminal history category of I and an applicable guideline range of 135 to 168 months. The court imposed a term of imprisonment of 168 months, five (5) years of supervised release and special assessment of $100.00.

Following imposition of sentence, the court advised Petitioner of his rights to appeal. On July 28, 1997, the court entered the judgment. Petitioner did not file a notice of appeal and did not appeal his conviction or sentence. Therefore, his conviction became final on August 8, 1997.

On June 11, 2001, Petitioner filed a motion to modify his sentence, arguing that the enhancements to his sentence were precluded by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On August 21, 2001, the court denied the motion.

On August 20, 2001, Petitioner filed his first 2255 motion, alleging ineffective assistance of counsel. The court denied and dismissed the motion on October 21, 2001.

On November 5, 2001, Petitioner filed a notice of appeal and motion seeking a certificate of appealability. The court denied the Petitioner's motion on November 29, 2001; the Ninth Circuit denied Petitioner's request for a certificate of appealability on June 17, 2002.

On July 6, 2005, Petitioner filed this motion based on the *Booker* decision.

II.

*Discussion*

Petitioner does not seek an evidentiary hearing, nor does the court find such a hearing necessary on this purely legal issue. The Government responds to Petitioner's motion, arguing that his claim is time-barred under *Booker*. Under *Booker*, a defendant's first Section 2255 motion

ORDER - 2

1  raising a claim must be presented either (1) within one year after the defendant's conviction became
2  final, or (2) within one year after *Booker* was decided on January 12, 200, whichever is later.

3  Petitioner brought this motion within one year after *Booker* was decided.[1]  However, the
4  Government argues there is nothing in the *Booker* decision indicating that it should be applied
5  retroactively to cases on collateral review.  The court agrees.  The Ninth Circuit has recently
6  confirmed that *Booker* is not retroactive to cases on collateral review because the Supreme Court did
7  not make the rule retroactive.  *United States v. Cruz*, 2005 WL 2243113 (9th Cir. September 16,
8  2005).  In *Cruz*, the Ninth Circuit stated that a "new rule of constitutional law generally does not
9  apply to convictions which have become final, unless it falls within certain exceptions."  *Id.* at *2.
10 Joining all other circuits that have considered the question to date, the Ninth Circuit held that the rule
11 announced in *Booker* does not meet any of the *Teague* exceptions and thus does not operate
12 retroactively.

13 Petitioner's conviction became final on August 8, 1997, well before *Booker* was published.
14 Therefore, *Booker* is not retroactive to Petitioner's case and his motion must be dismissed.

15 ACCORDINGLY,

16 IT IS ORDERED:

17 (1)   Petitioner's Motion (Dkt.#1) pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

18 DATED this 26th day of October, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's conviction became final in 1997, but he did not file his petition until July 6, 2005.  Thus, Petitioner's motion is untimely under the first deadline of Section 2255's one year period of limitation.

ORDER - 3